**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 2, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41019
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VEGA III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Vega III pleaded guilty to one count
of a two-count indictment charging him with possession with intent
to distribute over 1,000 kilograms of marijuana in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(A). He now appeals his sentence,
arguing that the district court's oral and written judgments
conflict because the written judgment includes several special

---

[*] This opinion replaces this panel's opinion filed on March 17,
2003, see United States v. Vega, 324 F.3d 798 (5th Cir. 2003), the
mandate of which we held, sua sponte. In granting rehearing, we
ordered the original opinion withdrawn and this opinion filed to
replace it.

conditions of supervised release that were not mentioned at the sentencing hearing. For the following reasons, we affirm.[1]

## I. FACTS AND PROCEEDINGS

Vega alleges that during the sentencing hearing, the district court never mentioned several special conditions of supervision that subsequently appeared in the written judgment, including (1) his responsibility for the costs of drug and alcohol treatment; (2) a provision requiring inpatient drug treatment, if necessary; (3) specific drug testing methods; and (4) the requirement that he comply with the rules and regulations of the drug treatment agency. Vega argues that because these special conditions are more restrictive than those originally imposed at sentencing, the oral and written judgments conflict and the additional requirements included only in the written judgment must be excised.

## II. ANALYSIS

We have previously rejected many of the arguments now advanced by Vega. First, we have expressly held that imposition of the costs of drug treatment, <u>even if mentioned for the first time in the written judgment</u>, does not create a conflict between the

---

[1] We review objections to special conditions imposed in a written judgment for abuse of discretion. <u>United States v. Warden</u>, 291 F.3d 363, 365 n.1 (5th Cir.2002)(explaining that normally objections raised for the first time on appeal are reviewed for plain error, but "because [the defendant] had no opportunity to object to or comment on the special conditions as imposed in the written order, we will review the district court's imposition of special conditions for an abuse of discretion").

written and oral judgments, but "creates, if anything, an ambiguity."[2]  This ambiguity is resolved by examining the record for evidence of the sentencing court's intent.  As the requirement that a defendant bear the costs of his drug treatment is "clearly consistent" with the court's intent that he <u>attend</u> treatment, the two judgments do not conflict and no modification of the sentence is warranted.

Several of Vega's remaining arguments are similarly meritless. First, the district court specifically mentioned inpatient treatment at sentencing, so its inclusion in the written judgment is entirely consistent with the oral sentence. Second, the requirement that Vega "comply with all the rules and regulations of the treatment agency" is, for obvious reasons, consistent with the drug treatment condition ordered at sentencing.[3]

The only close issue in this appeal is whether the district court's inclusion of the special condition of "further drug-detection techniques in addition to those performed by the treatment agency" in the written judgment conflicts with the oral

---

[2]  <u>Warden</u>, 291 F.3d at 365.

[3]  Vega also argues that the district court improperly delegated authority to the probation officer to determine the length of his drug treatment.  Because the district court gave the probation officer such authority at sentencing, and Vega did not object, our review is for plain error only.  We conclude that any error by the district court in this regard was not plain or obvious, as we have not previously addressed this issue.  <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-63 (5th Cir. 1994)(en banc), <u>abrogated in part</u>, <u>Johnson v. United States</u>, 520 U.S. 461 (1997).

sentence — which specified only that Vega "participate in a program for drug and alcohol abuse addiction as required by the probation office, including inpatient if required."

Although we have not squarely addressed this question in a published opinion, we have long held that a defendant has a constitutional right to be present at sentencing.[4] This constitutional right is the foundation of the rule that if there is a conflict between the oral pronouncement and written judgment, the oral pronouncement controls.[5] Under this reasoning, we have held, for example, that if the district court fails to mention a special condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement.[6]

At Vega's sentencing hearing, the district court orally imposed imprisonment, a five-year term of supervised release, and 200 hours of community service. The court also ordered Vega to "abide by standard conditions [of supervised release] adopted by this Court" and to "participate in a program for drug and alcohol abuse addiction as required by the probation department, including

---

[4] United States v. Martinez, 250 F.3d 941, 941 (5th Cir. 2001) (citing Fed. R. Crim. P. 43(a)("The defendant shall be present at...the imposition of sentence....").

[5] Id.

[6] Id. at 942 ("Because the district court failed to mention mandatory drug treatment, a special condition, at sentencing, we remand the case for the district court to amend its written judgment to its oral sentence.").

4

inpatient if required." The "standard conditions" that the court referred to appear in General Order No. H-1996-10 of the United States District Court for the Southern District of Texas (the "General Order"). The General Order, which applies throughout the Southern District, is a formal adoption of the "Mandatory and Standard Conditions of Supervision for persons placed on Probation or Supervised Release as set forth in forms AO 245B, 245C, and 245D."

In this case, the district court entered the written judgment using AO Form 245B. That form provides, as a condition of supervision, that "[t]he defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer." Although this condition is mandatory, it may be suspended if the court determines that the defendant poses a low risk of future substance abuse.[7] Here, the district court made no such determination. Because the court advised Vega that he had to comply with the standard conditions adopted by the court, which include the conditions listed on AO Form 245B, we conclude that the drug testing condition was properly applied to Vega at the sentencing hearing.[8]

---

[7] See 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(4).

[8] Although we require special conditions like drug treatment to be included in the oral pronouncement of sentence, see Martinez, 250 F.3d at 942, "explicit reference to each and every standard condition of supervision is not essential to the defendant's right

In addition to adopting particular mandatory and standard conditions of supervision, the General Order also sets forth eight special conditions that the district court may apply to the defendant at the time of sentencing. Special Condition No. 2 of the General Order, which the district court incorporated verbatim in the written judgment here, provides:

> DRUG TREATMENT: The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. <u>The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer</u>. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.[9]

Although we initially concluded that the additional "techniques"

_____

to be present at sentencing." <u>United States v. Truscello</u>, 168 F.3d 61 (2d Cir.), <u>cert.</u> <u>denied</u>, 528 U.S. 933 (1999). This difference in law reflects the distinction between the general applicability of the standard (and mandatory) conditions and the discretionary applicability of the special ones.

 [9] Emphasis added. The brief that the government filed in this case was bare bones, to say the least. We were not aware of the General Order until the government filed its petition for panel rehearing. As we are limited to deciding cases on the briefs and the record before us, and as the parties sometimes fail to give us a complete picture of the proceedings below, it would be helpful in cases like this one if the sentencers of the Southern District would expressly refer to the General Order at sentencing when they intend to incorporate its terms into the written judgment later.

provision emphasized above is unrelated to the drug treatment orally ordered at sentencing and thus constitutes a conflict between the written and oral judgments, our re-examination of that conclusion in our own sua sponte "paper" rehearing of the matter satisfies us that there is no conflict presented, in either the legal or constitutional sense.

As Vega was already obligated, as a mandatory condition of his supervised release, to submit to periodic drug testing at the direction of the probation officer, the inclusion in the written judgment of the language that Vega challenges did not create a conflict with the oral pronouncement of sentence. To the contrary, the provision is a means of reconciling the mandatory condition of drug testing with the special condition of drug treatment, both of which were properly and clearly applied at Vega's sentencing hearing. Because drug testing is a likely component of any drug treatment program, the provision simply clarifies that Vega's participation in such a program does not free him from his obligation to submit to drug testing at the direction of his probation officer —— even if the technique chosen by the probation officer differs from that of the treatment agency. Thus, when the provision that Vega challenges is considered in its proper context, it becomes clear that the written judgment does not impose more restrictive conditions than those orally expressed at sentencing. That being the case, we affirm Vega's sentence as imposed.

7

### III. CONCLUSION

For the foregoing reasons, all aspects of Vega's sentence, oral and written, are, in all respects, AFFIRMED.